In the Matter of the Estate of JOSEPH PERRY, Deceased.

Surrogate's Court, Bronx County, December 20, 1930.

*Jerome F. Healy, Jr.,* for the petitioner.

*William A. Scanlan,* for the administratrix.

HENDERSON, S. This is an application by a brother of the deceased for revocation of letters of administration heretofore granted to the alleged widow. There was no ceremonial marriage. The administratrix claims to have been the common-law wife of the decedent. The decedent and the administratrix were close friends for a period of about fifteen years. The decedent was married to another woman until he procured a divorce in Nevada in 1926. During the entire time the decedent and the administratrix were frequently together and he introduced her as his wife. She went to business,

but she devoted her evenings to assisting him at his business, a retail hardware store. They had a joint savings bank account opened in November, 1918, and closed in September, 1930. In this account, the maiden name of the administratrix was used. In 1927 the decedent bought an automobile and the ownership license was taken in the maiden name of the administratrix. During the entire time during which the administratrix knew the decedent, she resided with her mother. For short periods they lived together, but at no time longer than three months. This was during the summer when her mother was away. Robert J. Perry, the petitioner, testified that the administratrix said to him at his home the night his brother died: " He never made me a Perry. He was too religious and God never meant us to marry." The alleged widow was loyal and devoted to the decedent, but they did not live together as is usual for man and wife. This is unexplained. I find that there was no common-law marriage.

Letters of administration heretofore granted on September 20, 1930, will be revoked. Settle decree.